BUNCKLEY et al. v. SCOTTISH—AMERICAN MORTGAGE CO., Limited.†

(Circuit Court of Appeals, Fifth Circuit. March 14, 1911.)

No. 2,070.

ALIENS (§ 12*)—RIGHT TO HOLD LAND—CONSTRUCTION OF STATUTE.

• Under Code Miss. 1906, § 2768, which prohibits nonresident aliens from acquiring or holding land, but provides that they may take a lien on land to secure a debt, and at a sale to enforce payment of the debt may purchase the land and hold it not longer than 20 years, with full power during that time to sell it to a citizen, a nonresident alien so purchasing lands in Mississippi becomes the legal owner, with the right to all the protection and defenses of its title and possession available to other landowners, and subject only to the right of the state to escheat the same after 20 years.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 12.*]

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

Suit in equity by A. N. Bunckley and others against the Scottish-American Mortgage Company, Limited. Decree for defendant, and complainants appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied April 11, 1911.

Theo. McKnight, for appellants.

Caruthers Ewing, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. After full argument, we have carefully examined the record in this case, in the light of the numerous assignments of error and the very exhaustive briefs furnished, and we are satisfied that none of the assignments point out reversible error.

The only debatable proposition is in regard to the appellee's rights as an alien owner of title to the lands in controversy, as to which we conclude that, under section 2768, Code of Mississippi of 1906, and other sections cognate thereto, the appellee, having acquired the lands by purchase at a sale to enforce the payment of a lien debt legally held by it, is the legal owner and holder, subject only to the right of the state to escheat the same after 20 years' holding, and that, as such owner and holder, it is entitled to all the protection and defenses available to other legal owners of land, and therefore that, when its title is attacked or questioned, it may benefit by showing adverse possession under title for a period of 10 years.

The decree of the Circuit Court is affirmed, with costs, and the cause is remanded for such other and further proceedings as may be proper and necessary to perfect and complete the partition under the decree appealed from.